Fowler v. B. E. & K. Construction, Inc.

———————

JAMES C. FOWLER, EMPLOYEE, PLAINTIFF v. B. E. & K. CONSTRUCTION, INC., EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY CO., CARRIER, DEFENDANTS

No. 8810IC272

(Filed 6 December 1988)

Master and Servant § 96.1— workers' compensation—competency of doctor's testimony challenged—testimony irrelevant to appeal

Testimony by a doctor in a workers' compensation case as to whether the worker had a general bodily disability due to his musculoskeletal injuries was irrelevant to the appeal where the proceeding below was initiated, conducted, and reviewed to determine only whether the worker's bruised kidney was permanently injured and, if so, whether under the provisions of N.C.G.S. § 97-31(24) any further compensation was due therefor, and no issue was raised as to whether the worker had a general bodily disability.

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 19 November 1987. Heard in the Court of Appeals 27 September 1988.

The facts pertinent to the appeal follow: On 29 July 1981, while working for defendant construction company, James Fowler was injured when a 2,000 pound motor control assembly fell on

him. His pelvis, thumb, and several ribs were fractured and one of his kidneys was bruised. He received the compensation required by the Workers' Compensation Act during the several months he was temporarily totally disabled, and upon it being determined later that he had a ten percent permanent disability of the left hand, he received payments therefor ending in October 1982. Thereafter, at periodic intervals blood appeared in his urine and he was treated therefor by Dr. Ronald Glinski, an urologist, until 18 October 1985 when he died due to causes unrelated to the accident. Before Fowler died claim was made to the Industrial Commission that as a consequence of the accident his kidney was permanently injured and further compensation was due therefor under the provisions of G.S. 97-31(24). To facilitate a determination of that issue Deputy Commissioner Angela Bryant ordered that Dr. Glinski's testimony be taken, which was to the effect that: Fowler's kidney had reached maximum improvement; bruised kidneys tend to eventually heal without lasting ill effect; his examinations of Fowler during the preceding six months had detected no blood in his urine; and the outlook for his renal condition was excellent. Over defendants' objections Dr. Glinski also expressed the opinion, based largely upon a history given to him by appellant's lawyer, that Fowler had an unspecified twenty percent permanent partial bodily disability primarily because of his "musculoskeletal" injuries and pain which often followed prolonged activity and strenuous work. After the worker's death his widow replaced him as the party plaintiff.

In the Opinion and Award that followed Dr. Glinski's deposition, Deputy Commissioner Scott Taylor found that Fowler had no permanent injury to his kidney or any other organ or bodily part not provided for in other sections of the Act and thus concluded that no further compensation under G.S. 97-31(24) was due. Following plaintiff's appeal the Opinion and Award was adopted and affirmed by the Full Commission.

*Michael W. Willis for plaintiff appellant.*

*John F. Crossley & Associates, by Douglas F. McIntosh, for defendant appellees.*

PHILLIPS, Judge.

Without considering whether Dr. Glinski's testimony as to the worker having a general bodily disability due to his musculo-skeletal injuries was competent, we hold that the testimony is irrelevant to the appeal for the reason that in the proceedings below no issue as to Fowler having a general bodily disability was raised. The proceeding below was initiated, conducted and reviewed to determine only whether Fowler's bruised kidney was permanently injured and if so whether under the provisions of G.S. 97-31(24) any further compensation was due therefor. Since an appeal must follow the mold established in the trial court, *Mills v. Dunk*, 263 N.C. 742, 140 S.E. 2d 358 (1965), and the Commission found that the worker's kidney was not permanently injured as a result of the accident, the only question before us is whether that finding is supported by competent evidence. *Moses v. Bartholomew*, 238 N.C. 714, 78 S.E. 2d 923 (1953). Obviously, the finding is supported by Dr. Glinski's competent testimony to the effect that Fowler's renal difficulty had apparently cleared up and that the outlook for his kidney was excellent. Thus, the Opinion and Award is affirmed.

Appellant's argument that the finding is contrary to the greater weight of the evidence is irrelevant. For determining the weight and credibility of evidence in our jurisprudence is the province of the fact finder, which can accept or reject different parts of a witness' testimony as it sees fit, and the fact finder in this instance is the North Carolina Industrial Commission. G.S. 97-86; *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E. 2d 389 (1980).

Furthermore, even if the Commission had found that the worker's kidney was permanently injured compensation would not necessarily be due therefor under G.S. 97-31(24), as the appellant maintains. For G.S. 97-31(24) provides that—

> [i]n case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000);

and has been construed not to require compensation, but to give the Commission discretion to award compensation when the conditions stated exist. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E. 2d 204, 212 (1986).

Affirmed.

Judges EAGLES and PARKER concur.