CHARLENE CODY, WIDOW OF JOHN HOLLIS CODY, DECEASED EMPLOYEE, PLAINTIFF v. SNIDER LUMBER COMPANY, EMPLOYER; SELF-INSURED, (HEWITT, COLEMAN & ASSOCIATES) DEFENDANT

No. 8810IC233

(Filed 21 November 1989)

**Master and Servant § 67 (NCI3d)— workers' compensation—heart attack—emotional distress—compensable accident**

The Industrial Commission erred by concluding that decedent employee's fatal heart attack was not the result of an injury by accident under N.C.G.S. § 97-2(6) where the decedent was a driver of defendant lumber company's tractor-trailer; a tarp laid over the load on the open trailer caught on something and decedent jerked it three or four times and then walked to the back of the truck to free it; it took decedent four tries to correctly line up the wheels of the truck and to back onto an unloading lift; the truck did not have power steering and decedent had to struggle with the steering wheel; it was July and hot; decedent appeared to be frustrated; he was sixty-two years old and had high blood pressure, preexisting coronary disease and symptoms suggesting angina; and the cause of his death was sudden cardiac arrest. The essence of an accident is not the unusualness of the events which cause it, but their unexpectedness, and the heart attack was an accident even though it was precipitated by mental stimulus rather than physical exertion or contact. Even if excessive exertion or strain is essential to recovery, that has been established by the Commission's findings as to emotional and nervous strain.

**Am Jur 2d, Workmen's Compensation §§ 300, 333.**

APPEAL by plaintiff from the opinion and award of the North Carolina Industrial Commission filed 15 October 1987. Heard in the Court of Appeals 31 August 1988.

**CODY v. SNIDER LUMBER CO.**

[96 N.C. App. 293 (1989)]

*Leonard, McNeely, MacMillan & Durham, by Thomas A. McNeely, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe and Jeffrey L. Caddell, for defendant appellees.*

PHILLIPS, Judge.

The only question raised by this workers' compensation case is whether the decedent-employee's fatal heart attack, which occurred while he was on the job as a driver of defendant lumber company's tractor-trailer, was the result of an "injury by accident" under G.S. 97-2(6). Based upon findings of fact which plaintiff does not dispute—though she does dispute certain conclusions of law that the Commission misdubbed findings of fact—the Industrial Commission concluded as a matter of law that "the event which transpired on the day in question" was not an accident within the contemplation of our Workers' Compensation Act and denied the claim. We conclude otherwise, and reverse the decision entered.

As a truck driver for defendant lumber company the decedent's duties included *inter alia* hauling trailer loads of wood chips and sawmill residue to paper mills for processing, backing the trailer onto the unloading lift, dumping the contents, and returning the empty trailer to his employer. The trailer had no top; when loaded a synthetic mesh tarp was laid over the load to prevent the chips and residue from being blown away, and before dumping the load the tarp had to be removed. The Commission found that the circumstances leading to the worker's death were as follows:

2. Decedent drove to the Bowater Plant in Rock Hill, South Carolina on July 10, 1984 with a load of residue. The outdoor temperature was hot . . . At some point, the tarp became caught on something. In order to free it, decedent jerked hard on it three or four times . . . When it remained snagged, he walked to the rear of the trailer to release it . . . .

3. Decedent got in the truck and began to back it up the ramp. . . . It took him four tries in order to line the wheels up correctly and back the truck onto the lift. His truck did not have power steering, so he had to struggle with the steering wheel in order to guide the truck on the ramp.

4. . . . He appeared to be frustrated. . . . The cause of his death was sudden cardiac death.

CODY v. SNIDER LUMBER CO.

[96 N.C. App. 293 (1989)]

5. Decedent was 62 years old and had had high blood pressure, preexisting coronary disease and symptoms suggesting angina. Although he had been active up to the time of his death, he was at risk of having a heart attack.

6. . . . The exertion and frustration plaintiff underwent during the 15 to 20 minute period in which he removed the tarp, backed the truck onto the lift and began to dump the residue aggravated his preexisting condition so that he sustained a heart attack.

7. The only occurrence which could be found to have been out of the ordinary on this occasion was that the tarp became hung. However, decedent's heart attack did not occur until 15 to 20 minutes later after he had been involved in much more strenuous activity than his jerking on the tarp. His pulling on the tarp was not proven to be and is found not to be the precipitating cause of the heart attack. Rather, it was his emotional response to the situation in that he became aggravated and frustrated which was the precipating (sic) factor. . . . The emotional response he had on this occasion does not constitute an injury by accident arising out of and in the course of his employment.

8. . . . This was a typical July day, and the temperature was no hotter than it usually gets in July. Plaintiff did not prove that there was anything unusual in these activities of decedent on this occasion nor that there was an interruption of his regular work routine.

9. The heart attack decedent sustained on July 10, 1984 was not the result of an injury by accident arising out of and in the course of his employment.

Plaintiff questions the conclusions stated in finding of fact 9 and the last sentence of finding of fact 7 and excepts to the significance apparently given to the several findings concerning unusualness. Thus, the findings as to unusualness as well as the others not excepted to are deemed to be established. *Wyatt v. Sharp*, 239 N.C. 655, 80 S.E.2d 762 (1954). The conclusions, though misdubbed findings—that the decedent was not injured by accident—can be properly regarded as either conclusions of law, or mixed findings of fact and law, or findings of jurisdictional fact, and are therefore not binding upon us. *Perkins v. American Mutual Fire Insurance*

CODY v. SNIDER LUMBER CO.

[96 N.C. App. 293 (1989)]

*Co.*, 274 N.C. 134, 161 S.E.2d 536 (1968); *Alford v. Quality Chevrolet Co.*, 246 N.C. 214, 97 S.E.2d 869 (1957).

The conclusions are erroneous because the unchallenged findings as to the events that occurred, instead of supporting the conclusion that the worker's injury was not "by accident," establish that he was injured by accident and plaintiff is entitled to the compensation authorized. For having properly found that the unexpected, fortuitous, annoying and frustrating events that occurred in the performance of decedent's duties—the sticking of the tarp, the tugging and re-tugging to get it loose, the unsuccessful attempts to back the truck on the lift—caused the frustration which precipitated his fatal heart attack, the Commission concluded therefrom that his injury and death were not accidental because frustration was not unusual in his work as a truck driver, and that the only occurrence in the sequence that was out of the ordinary was the tangling up of the tarp and that did not cause the heart attack. These conclusions and the findings as to unusualness are apparently based upon the *misapprehension that for an injury,* such as decedent's heart attack, to be compensable under our Workers' Compensation Act it must be caused by an unusual event and cannot result from mental or emotional stimulus. This is not correct as we understand the law. Because the stated purpose of our workers' compensation law without qualification is to compensate workers "injured by accident," G.S. 97-2(6), and the essence of an accident is not the unusualness of the events which cause it, but their unexpectedness. "Accident" is defined by Webster's New International Dictionary 15 (2d ed. 1953) as "[a]n event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event"; by the Oxford American Dictionary 6 (1980) as "an unexpected or undesirable event, especially one causing injury or damage"; and by The Modern Library Dictionary 4 (1959) as "anything that happens unexpectedly or by chance." The leading author in the field says "[t]he basic and indispensable ingredient of 'accident' is unexpectedness." 1B Larson, Workmen's Compensation Law Sec. 37.20 (1987). And our Supreme Court's definition is not different: In *Edwards v. Piedmont Publishing Co.*, 227 N.C. 184, 186, 41 S.E.2d 592, 593 (1947), accident was defined as "[a]n unexpected, unusual *or* undesigned occurrence," (emphasis supplied); and in *Gabriel v. Town of Newton*, 227 N.C. 314, 316, 42 S.E.2d 96, 97 (1947), as "an unlooked for and untoward event which is not expected or designed by the injured employee."

**CODY v. SNIDER LUMBER CO.**

[96 N.C. App. 293 (1989)]

Thus, the facts properly found by the Commission establish as a matter of law that the worker suffered an injurious heart attack by accident because the events that precipitated it—the tangled tarp, the difficulty in lining up the tractor-trailer on the ramp—were obviously unexpected, undesigned, untoward, fortuitous and unlooked for, and no evidence is recorded from which it could be found otherwise. The tarp getting hung up and the decedent failing to place the truck into proper position on the lift were apparently as unexpected and accidental, it seems to us, as a factory machine clogging or an automobile drifting across the highway center line as it rounds a curve. Nor was the injury—the heart attack—not caused by accident, as the Commission concluded, because it was precipitated by a mental stimulus, frustration, rather than physical exertion or contact. In *Ballenger v. ITT Grinnell Industrial Piping, Inc.*, 80 N.C. App. 393, 342 S.E.2d 582 (1986), we held that a plumber's heart attack, which resulted from the shock of being unexpectedly sprayed with water from a pipe not cut off, was compensable though being sprayed with water is hardly an unusual occurrence in the life of a plumber, and in regard to the unexpectedness of the spray and its temperature, we said:

> Mr. Ballenger's case does not rise or fall on the precise temperature of the water in the cold water line at the time of the accident. The hypothetical question posed to each of the medical experts required them to consider the effect of Mr. Ballenger's being hit with a full volume of water from the cold water line. Expert witnesses testified that the water incident could have caused the vaso-constriction of the blood vessels or arterial spasm, either of which would have reduced the amount of blood going to the heart and increased the pressure on the heart muscle. This, they say, could have triggered the heart attack. In the alternative, the experts testified that the stress and excitement resulting from the water incident could have placed an increased demand on his already diseased heart, thus precipitating the myocardial infarction. The precise temperature of the water was not material to this determination.

*Id.*, at 398, 342 S.E.2d at 586.

Nor do we understand that plaintiff's claim is barred by the holding in *Lewter v. Abercrombie Enterprises, Inc.*, 240 N.C. 399, 82 S.E.2d 410 (1954), as defendants argue, since the physical ex-

CODY v. SNIDER LUMBER CO.

[96 N.C. App. 293 (1989)]

ertions required of the worker in untangling the tarp and backing the truck were neither unusual nor excessive, as the Commission found. Though *Lewter* is sometimes cited for the unqualified proposition that unusual exertion or strain is necessary before a heart attack will be compensable, *see, e.g., Dillingham v. Yeargin Construction Co.*, 320 N.C. 499, 358 S.E.2d 380, *reh'g denied*, 320 N.C. 639, 360 S.E.2d 84 (1987), a careful reading of *Lewter* indicates to us that unusual strain or exertion is only required when the heart attack was not precipitated by accidental, unexpected, untoward events, and when accidental events precipitate a heart attack compensability necessarily follows under the plain, unqualified wording of the statute. Our decisions in *Ballenger v. ITT Grinnell Industrial Piping, Inc., supra, Weaver v. Swedish Imports Maintenance, Inc.*, 61 N.C. App. 662, 301 S.E.2d 736 (1983), and *Kennedy v. Martin Marietta Chemicals*, 34 N.C. App. 177, 237 S.E.2d 542 (1977), all heart attack cases, were based upon that understanding, and apparently *Wyatt v. Sharp*, 239 N.C. 655, 80 S.E.2d 762 (1954), was also.

But even if excessive exertion and strain is essential to recovery in this case it has been established by the Commission's findings. For though the *physical* exertion because of the unexpected events was found not to be excessive, the finding as to *emotional and nervous strain*, which can lead to results as baleful as strain upon lungs, muscles and sinews, was otherwise. For the Commission found that the worker's emotional reaction to those events was sufficiently acute and strenuous to precipitate his death; a finding supported by medical testimony to the effect that emotional reactions, particularly anger and frustration, are perhaps the most stressful of all influences on the heart, in that they cause catecholamines to be released into the system which cause a rush of heart activity and a sharp jump in blood pressure. The nervous stress that resulted from the events involved, sufficient to cause the worker's death, appears to be no less severe than that which can develop from chasing a criminal or wrestling a drunk. In any event, the brain and nervous system are bodily parts, no less than bones and sinews, and injuries caused by the reaction of stressful nerves to accidental events are as much within the purview of the Act, we believe, as those caused by the reaction of stressful vertebras or other bodily parts.

Thus, we reverse the Commission's conclusions that the worker's death did not result from an injury by accident, conclude that his

death did result from an injury by accident under G.S. 97-2(6), and remand the matter to the Industrial Commission for entry of a revised opinion and award in favor of the plaintiff in accord herewith.

Reversed and remanded.

Judges WELLS and BECTON concur.