TIMOTHY S. PHILLIPS, Employee, Plaintiff-Appellant v. U.S. AIR, INCORPORATED, Employer, THE KEMPER GROUP, Carrier, Defendant-Appellees

No. COA94-1240

(Filed 7 November 1995)

**1. Workers' Compensation § 378 (NCI4th)— no improper standard of proof applied**

There was nothing in the record to suggest that the Industrial Commission applied an improper standard of proof to plaintiff's evidence in this worker's compensation action, and the Commission's rejection of certain evidence as not "convincing" and rejection of medical evidence as being insufficient "to any reasonable degree of medical certainty" did not suggest the use of an improper standard.

**Am Jur 2d, Workers' Compensation §§ 566-580, 593, 594.**

**2. Workers' Compensation § 187 (NCI4th)— salmonella from contaminated water in work place—insufficiency of evidence**

The evidence was insufficient to support a finding that plaintiff's salmonella infection was caused by contaminated water in the work place.

**Am Jur 2d, Workers' Compensation §§ 322-325, 593, 594.**

Judge WYNN dissenting.

**PHILLIPS v. U.S. AIR, INC.**

[120 N.C. App. 538 (1995)]

Appeal by plaintiff from Opinion and Award for the Full Commission filed 7 July 1994. Heard in the Court of Appeals 30 August 1995.

*C. Murphy Archibald for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Samuel H. Poole, Jr. and Nicholas P. Valaoras, for defendant-appellees.*

GREENE, Judge.

Pursuant to N.C. Gen. Stat. § 97-86, Timothy S. Phillips (plaintiff) appeals from the Opinion and Award of the Industrial Commission (Commission) which denied plaintiff's claim for workers' compensation.

Plaintiff worked for U.S. Air from April 1986 until 30 June 1990. On 30 June, plaintiff left work for "a contemplated vacation," and on 3 July 1990 "developed the symptomatic onset of [a] . . . salmonella infection," which required his hospitalization. Plaintiff was later diagnosed with the chronic fatigue syndrome, which "continues to totally incapacitate him." Plaintiff gave notice of a claim for workers' compensation, pursuant to N.C. Gen. Stat. § 97-22, to U.S. Air, who in turn gave notice to its insurance carrier, The Kemper Group (Kemper) (collectively U.S. Air and Kemper are defendants), claiming that his salmonella infection was a result of plaintiff's drinking from a "thermos type" water cooler provided by U.S. Air on the work site and that his chronic fatigue syndrome was a result of the salmonella infection. Because defendants contested the compensability of plaintiff's claim, plaintiff requested a hearing pursuant to N.C. Gen. Stat. § 97-83.

The relevant evidence before the Commission consisted of testimony by Dr. Robert William Reindollar (Reindollar), plaintiff's treating physician, that plaintiff did not test positive for salmonella until 6 August 1990. Reindollar further testified a period of forty-eight hours would be an unusual incubation period for salmonella, which generally manifests itself within twenty-four hours, and he also stated that there are many causes of salmonella. Although Reindollar testified that he "would expect to have more than one person infected," there was no evidence that any other U.S. Air employees contracted salmonella. Indeed, Reindollar stated that he could not identify the cause of plaintiff's salmonella "with any reasonable degree of medical certainty." There were also two memos, issued to U.S. Air employees on

24 July 1990 and 6 August 1990, which directed the employees to stop putting their hands and other objects inside the coolers.

The Commission adopted the following pertinent findings of fact:

4. . . . Approximately 150 employees on each of the two shifts drank from the water coolers at the 10 locations in the premises' five zones.

In obtaining water or ice from those coolers, these same employees would occasionally stick their hands or cups or even handkerchiefs down in the coolers themselves. As a result of these practices, the coolers did provide a possible source point for the salmonella infection giving rise to the instant claim.

. . . .

6. Salmonella is a bacterial infection that is most commonly seen in fowl and most commonly transmitted by ingestion of uncooked poultry, including eggs. However, it can also be transmitted the fecal-oral route through contaminated food or water. Ordinarily, in a case where there is a potential single point source of salmonella infection [as is, or are alleged to be the Gott cooler(s) from which plaintiff drank] plaintiff's case of salmonella infection should not have been the only one in view of the fact that there were some 150 employees each shift in the airport's five zones drinking from these same Gott water coolers. However, there is no convincing evidence that anyone else on the premises also developed a salmonella infection from drinking from the same cooler(s).

7. Although, as indicated by [U.S. Air's] aforementioned answers to plaintiff's interrogatories, two other employees, . . . had stomach problems from apparent stomach viruses (resulting in the first being out of work for three days and the second for four) not only is there no convincing evidence that their involved stomach problems were due to a salmonella infection—much less any medical evidence as to the exact nature and cause of either's stomach problems; but there is no convincing evidence that either drank from the same Gott cooler(s) that plaintiff did— much less that they worked in the same zone as plaintiff or even when and where either worked at the airport.

8. There is no sufficient convincing medical evidence to any reasonable degree of medical certainty that plaintiff developed

PHILLIPS v. U.S. AIR, INC.

[120 N.C. App. 538 (1995)]

his salmonella infection from drinking contaminated water at work as opposed to the same being from eating uncooked chicken or some other contaminated food or water source. Further there is no convincing evidence that the Gott cooler(s) from which he drank contained water contaminated with salmonella bacteria, and that causational factor cannot be reasonably inferred in view of the lack of convincing evidence that anyone else drinking from the same cooler(s) developed a salmonella infection. Thus, plaintiff has failed in his burden of establishing that he developed a salmonella infection from drinking contaminated water at work.

9. . . . The exact cause of . . . [chronic fatigue syndrome] remains unknown as does its manner of transmission.

Even assuming arguendo that plaintiff developed the involved salmonella infection from drinking contaminated water at work under the circumstances alleged; there is no convincing medical evidence to any reasonable degree of medical certainty that his salmonella infection triggered or otherwise caused him to develop disabling chronic fatigue syndrome . . . .

The issues are (I) whether the Commission held the plaintiff to a higher degree of proof than required by the law, and if not, (II) whether there is sufficient competent evidence in the record to support the findings of the Commission.

The defendants first contend that the plaintiff's chronic fatigue syndrome is not a compensable "injury" or "occupational disease," within the meaning of the Workers' Compensation Act (the Act) and that the Commission's Opinion and Award must be affirmed on this basis. Without deciding this issue, we assume for the purpose of this opinion that plaintiff's condition is compensable within the meaning of the Act.

I

[1] The plaintiff argues that the Commission, in assessing the evidence offered, held him to a "higher standard of proof" than required by the Act. More specifically, the plaintiff contends the Commission held him "to a standard of beyond a reasonable doubt or at least clear and convincing evidence." We disagree.

The degree of proof required of a party plaintiff under the Act is the "greater weight" of the evidence or "preponderance" of the evi-

dence. *See* 1 Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 41 (4th ed. 1993) (hereinafter *Brandis and Broun*). In this record there is nothing to suggest that the Commission applied an improper test to assess the plaintiff's evidence. Although the Commission did on several occasions reject certain evidence as not "convincing," we do not read this as suggesting that the Commission applied a clear and convincing evidence standard. Indeed the Commission is required to evaluate the credibility of the evidence and reject any evidence it finds as not convincing. *Fowler v. B.E. & K. Constr., Inc.*, 92 N.C. App. 237, 239, 373 S.E.2d 878, 879 (1988).

Furthermore, the Commission's rejection of the medical evidence as being insufficient "to any reasonable degree of medical certainty" does not suggest the use of an improper standard. Indeed, in order to be sufficient to support a finding that a stated cause produced a stated result, evidence on causation "must indicate a reasonable scientific probability that the stated cause produced the stated result." *Hinson v. National Starch & Chem. Corp.*, 99 N.C. App. 198, 202, 392 S.E.2d 657, 659 (1990). Evidence is insufficient on causation if it "raises a mere conjecture, surmise, and speculation." *Id.* Thus the Commission merely found as a fact that the medical evidence was insufficient to support a finding that plaintiff "developed a salmonella infection from drinking contaminated water at work." It was insufficient, in the words of the Commission, because it was not based on a "reasonable degree of medical certainty." In other words, the Commission simply determined that the evidence raised no more than a possibility that the infection came from the drinking water and it had every right, and indeed the obligation, to refuse to consider that evidence as sufficient to support an award.

II

[2] The plaintiff argues that even if the Commission used the proper degree of proof, the evidence supports a finding that plaintiff's salmonella infection was caused by contaminated water in the work place. We disagree.

Although there may be evidence in this record which supports the findings urged by the plaintiff, this Court is bound to affirm if there is sufficient competent evidence that supports the finding entered by the Commission. *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765-66, 425 S.E.2d 454, 457 (1993). The evidence is sufficient if it is such that a reasonable mind might accept it as adequate to support

the finding. 3 Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 80.10(c) (1995); *Garrett v. Overman*, 103 N.C. App 259, 262, 404 S.E.2d 882, 884, *disc. rev. denied*, 329 N.C. 787, 408 S.E.2d 519 (1991); *Brandis and Brown* § 39.

The evidence in this record reveals that plaintiff was last at work on 30 June 1990 and became ill on 3 July, more than forty-eight hours, which is longer than the usual incubation period for salmonella, after he would have last been exposed to any contaminated water. There was no evidence that the water was contaminated. There was evidence that two other employees became ill, but there was not evidence that their illness was salmonella or resulted from the same water from which plaintiff would have been drinking. This evidence supports the Commission's findings at issue.

Affirmed.

Judge MARTIN, John C., concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

In this appeal, plaintiff contends that the Commission erred by requiring him to prove causation to a "reasonable degree of medical certainty," rather than the applicable preponderance of the evidence standard. I agree with the plaintiff's contention and therefore, dissent from the contrary holding of the majority.

In denying the plaintiff's claim, the Deputy Commissioner made and the full Commission adopted the following pertinent findings of fact and conclusions of law:

4. In obtaining water or ice from those coolers, these same employees would occasionally stick their hands or cups or even handkerchiefs down in the coolers themselves. As a result of these practices, the coolers did provide a possible source point for the salmonella infection giving rise to the instant claim.

. . . .

8. There is no sufficient convincing medical evidence *to any reasonable degree of medical certainty* that plaintiff developed his salmonella infection from drinking contaminated water at work as opposed to the same being from eating uncooked chicken or

some other contaminated food or water source (emphasis supplied). . . . Thus, plaintiff has failed in his burden of establishing that he developed a salmonella infection from drinking contaminated water at work.

9. Plaintiff further contends that as a result of his salmonella infection he developed the chronic fatigue syndrome that continues to totally incapacitate him . . . . The exact cause of the same disease remains unknown as does its manner of transmission.

Even assuming *arguendo* that plaintiff developed the involved salmonella infection from drinking contaminated water at work under the circumstances alleged; there is *no convincing medical evidence to any reasonable degree of medical certainty* that his salmonella infection triggered or otherwise caused him to develop disabling chronic fatigue syndrome, whose exact cause and manner of transmission has not yet been scientifically established (emphasis supplied). The point is moot, however, in the case at hand due to the initial lack of causation for the salmonella infection.

The above emphasized findings are more aptly characterized as conclusions of law. This Court is not bound by a conclusion of law by the Commission simply because it is labeled a finding of fact. Rather, if a conclusion of law, or a mixed finding of fact and law is erroneously labeled a finding of fact, that finding is not binding upon this Court. *Cody v. Snider Lumber Co.*, 96 N.C. App. 293, 295, 385 S.E.2d 515, 517 (1989), *rev'd on other grounds*, 328 N.C. 67, 399 S.E.2d 104 (1991). Thus, this Court may examine on appeal a legal standard which is applied by the Commission to determine whether it was applied correctly, even though the legal standard is included in the section of the Commission's order labeled Findings of Fact. When the Commission applies an incorrect standard of law, the award must be set aside and the case remanded for a new determination using the correct legal standard. *Ballenger v. ITT Grinnell Industrial Piping, Inc.*, 320 N.C. 155, 357 S.E.2d 683, (1987); *Cauble v. Macke Co.*, 78 N.C. App. 793, 338 S.E.2d 320 (1986).

The Commission's finding of fact number 8 states: "There is *no sufficient convincing medical evidence to any reasonable degree of medical certainty* that plaintiff developed his salmonella infection from drinking contaminated water at work." (emphasis supplied). Finding of fact number 9 states: "[T]here is *no convincing medical evidence to any reasonable degree of medical certainty* that his sal-

PHILLIPS v. U.S. AIR, INC.

[120 N.C. App. 538 (1995)]

monella infection triggered or otherwise caused him to develop disabling chronic fatigue syndrome." (emphasis supplied). These statements indicate that the Commission held the plaintiff to a standard of medical certainty for determining causation rather than the correct standard, which is a preponderance of the evidence. This was error. *Ballenger*, 320 N.C. at 158-159, 357 S.E.2d at 685. (The full Commission must make a complete redetermination as to whether the plaintiff has shown by a preponderance of the evidence that there was a causal link between the workplace accident and the disability/disease for which the plaintiff seeks compensation).

I find language from *Keel v. H & V Inc.*, 107 N.C. App. 536, 421 S.E.2d 362 (1992) instructive:

Circumstantial evidence of the causal connection between the occupation and the disease is sufficient. . . . Medical opinions given may be based either on personal knowledge or observation or on information supplied [to the expert] by others, including the patient . . . . (citations omitted). Absolute medical certainty is not required.

*Id.* at 540, 421 S.E.2d at 366. Thus, causation need not be proven to a medical certainty in order for a plaintiff to recover in a workers' compensation case. Instead, the determination by the Commission is a preponderance of the evidence, i.e., whether it is more likely than not that the plaintiff did in fact contract the disease at work.

Accordingly, I would remand to the Commission for a determination as to whether plaintiff has met his burden of proving, by a preponderance of the evidence, a causal link between the water coolers and his contraction of salmonella, and if so whether plaintiff has met his burden of proving, by a preponderance of the evidence, a causal link between the salmonella infection and plaintiff's current chronic fatigue syndrome.