I respectfully dissent from the majority decision to affirm the Deputy Commissioner's Opinion and Award for a change of condition on the grounds that plaintiff has failed to meet her burden to establish that her condition has a scientific causal nexus with her injury by accident in March 1992.
The Deputy Commissioner relied upon the opinion of Dr. D. Dennis Payne, the plaintiff's rheumatologist, to hold that plaintiff's reactive fibromyalgia is a substantial change of condition. However, to be a compensable change of condition, plaintiff "must indicate a reasonable scientific probability that the stated cause produced the stated result." Phillips v.USAir, Inc., 120 N.C. App. 538, 463 S.E.2d 259, 262 (1995). In other words, plaintiff must prove that her present condition is causally related with scientifically verifiable results to her original injury. The basis for Dr. Payne's diagnosis of the origin of plaintiff's fibromyalgia is well below the scientific probability standard.
The majority and the Deputy Commissioner give Dr. Payne's opinion greater weight than that of Dr. H. Grey Winfield, who treated plaintiff just after her initial March 1992 injury as well as in August 1995, prior to the plaintiff seeing Dr. Payne for the first time. As the treating physician for the initial injury and the first to examine plaintiff after her alleged change in condition, Dr. Winfield is in the best position to determine if her present condition has a causal nexus with her initial injury. Dr. Winfield testified it did not.
Further, Dr. Payne, the doctor upon whom the majority relies, testified that "a lot of times (he had) no idea why someone has fibromyalgia. Far and away, fibromyalgia occurs more commonly for unknown reasons." Also, Dr. Payne failed to rule out other factors which could cause plaintiff's symptoms. He acknowledged that gallbladder surgery can cause fibromyalgia; yet Dr. Payne did not mention the plaintiff's 1994 gall bladder surgery, after her initial injury and prior to her initial visit with Dr. Payne, as a possible cause. Dr. Payne's testimony fails to meet the standard for an expert opinion in establishing medical causation.
For the foregoing reasons, I respectfully dissent.
 S/ ____________ DIANNE C. SELLERS COMMISSIONER