I respectfully dissent from the majority Opinion and Award in this case concluding that plaintiff developed carpal tunnel syndrome as the result of her employment with defendant Chesebrough-Ponds, USA, and that her subsequent employment with the remaining defendants did not augment her condition.
The sole medical evidence presented in this case consists of the deposition of Dr. Paul F. Rush. Dr. Rush initially examined plaintiff on 17 February 1997, approximately three and one half years after she left the employment of Chesebrough-Ponds. When asked whether he could relate plaintiff's employment with defendant Chesebrough-Ponds, Dr. Rush explained that he could not as he did not have the facts of the repetitive nature of her job, the number of screw caps she did per day and per hour, the amount of force that was used or required to screw those caps, and whether or not her job was a true repetitive job, or whether it was less than a repetitive job, I think is determined by the number of actual physical times she has to do that one job per hour, or per minute, or per unit of time.
This testimony is insufficient to establish causation as a necessary element of an occupational disease to any reasonable medical certainty; therefore, plaintiffs cause of action must fail. Phillips v. US. Air, Inc., 120 N.C. App. 538,463 S.E.2d 259 (1995).
Further, Dr. Rush testified that because plaintiff presented to him with complaints of an increase in her symptoms during the six months preceding the examination and had not worked for defendant Chesebrough-Ponds in several years, it is medically reasonable that her current activities, specifically working in a cafeteria, augmented her condition. Therefore, the majority's findings of fact and conclusions of law to the contrary are not supported by the medical testimony.
For these reasons, I would reverse the Opinion and Award of the Deputy Commissioner.
This the 15th day of March, 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER