* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The parties are correctly designated and there is no question as to misjoinder or nonjoinder of parties
3. The date of injury is July 30, 1999.
4. On July 30, 1999, defendant-employer regularly employed more than three employees. The employee-employer relationship existed between the parties and defendant ACE USA was the carrier on the risk.
5. Defendant-employer admitted plaintiff's right to compensation and defendants have paid temporary total disability benefits to plaintiff continuously from 30 July 1999 to the present.
6. Plaintiff refused to accept the Softub which defendants attempted to provide her with in August 2004.
7. The sole issue for determination is:
 a. Whether defendants are required to purchase a home whirlpool and make any necessary modifications to enclose the unit in plaintiff's home in a manner which is both functional and satisfactory to plaintiff?
8. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: I.C. Forms, medical records, and whirlpool information.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 56 years old. Plaintiff suffered a compensable injury by accident arising out of and in the course of her employment with defendant-employer on July 30, 1999, when she fell and landed on her right hand and hip. As a result of her compensable injury by accident, plaintiff has undergone multiple surgeries and continues to receive treatment. Plaintiff has reached maximum medical improvement and has been continued out of work by her treating physician, Dr. Douglas D. Pritchard. Defendants have paid temporary total compensation benefits and plaintiff's medical expenses related to the injury by accident.
2. On April 9, 2004, Dr. Pritchard recommended that plaintiff receive a home whirlpool unit to provide hydrotherapy for plaintiff's back pain, chronic sacroiliatis and chronic lumbar radicular pain. Dr. Pritchard opined that plaintiff needed the home system so that she could use the tub twice daily, once in the morning and once in the evening. He further opined that the tub must be of sufficient size to allow for plaintiff to sit upright and still have most of her back in the pool to allow her to do exercises. Plaintiff would also require some kind of propulsion system at her back. Dr. Pritchard also opined that for three or four months of the year, it would be necessary that the tub be in an enclosed space that could be heated due to cold weather.
3. Plaintiff lives in Taylorsville, North Carolina, a rural town in which the hydrotherapy Dr. Pritchard recommends is not available. The closest facility providing hydrotherapy is Davis Hospital in Statesville which is located twenty seven miles from plaintiff's residence. While this is not an unusually far distance to drive for certain activities, in the past the drive to and from the hospital increased plaintiff's back pain.
4. The stipulated records indicate that there are a number of whirlpool tubs available that would meet plaintiff's needs, ranging in price from $2,000.00 to more than $10,000.00, and containing anywhere from a few propulsion jets to 50 jets.
5. On August 12, 2004, defendants purchased and attempted to deliver to plaintiff a Model 220 whirlpool manufactured by Softub, Inc., costing $3,103.00. The tub holds 220 gallons of water, seats four adults and contains five propulsion jets. It is of a sufficient depth to allow plaintiff to immerse to the extent recommended by Dr. Pritchard, and contains sufficient propulsion jets to comply with Dr. Pritchard's requirements. The unit is portable, 72" in diameter, weighs approximately 135 pounds when empty and plugs into a standard 220-volt outlet. It can be used indoors or outdoors.
6. Plaintiff refused to accept the Softub. Plaintiff is seeking the HS Grandee Model tub by Hot Spring, or a like model. The Grandee tub holds 500 gallons of water, seats seven adults, contains 37 jets and is not portable. The tub is 8' 4" x 7' 7", 38" in height and has two steps to climb into the unit. Sun Life Sunrooms Spas offered the unit to plaintiff installed for $9,817.25.
7. Because the tub is not portable, plaintiff is also seeking to have an addition built onto her house to accommodate the unit. Plaintiff has requested a Four Seasons green house enclosure which Sun Life has offered to supply for $15,384.00.
8. The Softub offered by defendants meets the requirements of Dr. Pritchard in that it is large enough, has sufficient propulsion capacity, and may be moved indoors when so demanded by the weather.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to have defendants pay for medical treatment reasonably necessary to effect a cure or give relief. N.C. Gen. Stat. §§ 97-25, 97-25.1; Neal v. Carolina Mgt.,130 N.C. App. 220, 502 S.E.2d 424 (1998).
2. The Softub offered by defendants fulfills all the requirements issued by plaintiff's treating physician. The tub is large enough for plaintiff to immerse in the water, has sufficient propulsion capacity, and may be moved indoors when so demanded by the weather. Plaintiff's contention that it would be difficult for her to have to climb into the tub is not convincing, given that it is approximately the same height as the tub she prefers. Should plaintiff determine that she would rather have an addition built to her home to accommodate the unit, she may do so at her own expense. There has been no showing that the need is such to support charging defendants with the cost of an addition built to her home to accommodate the unit.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall provide plaintiff with the Model 220 Softub or other comparable unit. If the unit does not provide steps, defendants shall supply steps as a means of ingress and egress to the tub. Should it be necessary, defendants shall pay for the installation of a 220-volt electrical supply for the tub in the location plaintiff desires.
2. Defendants shall pay the costs.
This the 19th day of December 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER