* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Rideout with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission. *Page 2 
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. On or about April 1, 2004, the parties were bound by and subject to the provisions of the North Carolina Worker's Compensation Act.
4. On or about April 1, 2004, there existed between plaintiff and defendant-employer an employee/employer relationship.
5. On or about April 1, 2004, defendant-employer was insured for Workers' Compensation claims through North Carolina Farm Bureau Mutual Insurance Company.
6. Plaintiff's average weekly wage will be determined by a Form 22 provided by the parties, by stipulation of the parties, or from other wage information provided by the parties.
7. A packet containing the pre-trial agreement, the stipulated medical records of Drs. Gilbert Alligood, Jeffrey Silver, Eric Breastel, and Bennie Jarvis, Industrial Commission Forms, plaintiff's recorded statement, plaintiff's answers to defendants' first set of interrogatories, and plaintiff's wage information was stipulated into the record.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 60 year-old female who had completed the 12th grade of high school and completed an associate degree in business from Edgecombe Community College. *Page 3 
2. Plaintiff began working for defendant-employer when the company was formed in 1988. At the time of the alleged contraction of an occupational disease, plaintiff worked as the office manager. Plaintiff's workday averaged from nine to ten hours a day, five days a week.
3. Plaintiff has worked in a single story double wide pre-manufactured structure since 1997.
4. Plaintiff contends she developed respiratory problems in April 2004 as a result of alleged mold exposure at her workplace. Plaintiff believes she was exposed to toxic levels of mold, placing her at an increased risk of developing occupational asthma, based on her observations of her work environment and her subjective belief regarding toxicity.
5. The only scientific evidence in the record regarding levels of mold within plaintiff's work area is found in defendants' Exhibit #1, the Investigative Engineering Report, prepared on June 15, 2005 by Marshall Miller and Associates. Dr. Jerry J. Tulis, an expert in Occupational and Environmental Medicine, analyzed this report as well as plaintiff's medical records from 2000 to 2005 and indicated that the mold spore count inside Pretty Good Sand Company's building were actually lower than that found in the air outside of the building. The undersigned finds the testimony of Dr. Tulis to be both competent and compelling regarding the issue of increased risk.
6. Plaintiff treated with Dr. Jeffrey A. Silver of the Tarboro Clinic for her pulmonary issues. In his deposition, Dr. Silver was asked whether he had an opinion, to a reasonable degree of medical certainty, as to whether plaintiff's exposure to mold at her work environment exposed her to an increased risk of developing or aggravating her asthma. Dr. Silver opined that it would place her at an increased risk. *Page 4 
7. The undersigned finds Dr. Silver to be a credible witness. However, the underlying foundation for his medical opinion assumes plaintiff was exposed to a mold spore count inside Pretty Good Sand Company's building which was greater than that to which the general public was exposed; a fact which has not been proven by plaintiff's evidence. The undersigned assigns no weight to Dr. Silver's opinion as to whether plaintiff's exposure to mold at her work environment exposed her to an increased risk of developing or aggravating her asthma.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. To establish a right to workers' compensation benefits for an occupational disease under N.C. Gen. Stat. § 97-53(13), the employee must show: (1) the disease is characteristic of individuals engaged in the particular trade or occupation in which the claimant is engaged; (2) the disease is not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there is a causal relationship between the disease and the claimant's employment. Rutledge v. Tultex Corp./KingsYarn, 308 N.C. 85, 301 S.E.2d 359 (1983).
2. Plaintiff has the burden of proving all three of these elements by a preponderance of the competent evidence. Phillips v. U.S. Air,Inc., 120 N.C.App. 538, 541-42, 463, S.E.2d 259, 261 (1995),affirmed 343 N.C. 302, 469 S.E.2d 552 (1996).
3. Plaintiff has not proven that she developed occupational asthma from mold exposure or any other source as the competent evidence fails to show that her employment *Page 5 
caused or significantly contributed to the development of her asthmatic condition nor has she proven that her employment exposed her to a greater risk of contracting occupational asthma than the public generally. Perry v. Burlington Indus., Inc., 80 N.C.App. 650,343 S.E.2d 215 (1986); Rutledge v. Tultex Corp./Kings Yarn, 308 N.C. 85,301 S.E.2d 359 (1983).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for compensation for an occupation disease contracted on or about April 1, 2004 is HEREBY DENIED.
2. Each side shall pay its own cost.
This the 28th day of February, 2007.
S/________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________________________ BUCK LATTIMORE CHAIRMAN
 S/__________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1