The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The Employer/Employee relationship existed between the Employee-Plaintiff and the Employer-Defendant on the day of the alleged injury.
3. A Form 22 wage chart was submitted as evidence of the Employee-Plaintiff's average weekly wage.
4. The date of the Employee-Plaintiff's alleged injury was March 1st, 1996.
5. The parties executed a pre-trial hearing order that included certain medical records and reports that were stipulated into evidence. The pre-trial order, and the stipulated medical records are made part of the record in this matter.
 *********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On March 1st, 1996 the Employee-Plaintiff was employed by the Employer-Defendant as a laboratory technician. His job duties, among other things, involved testing various samples of serum. Part of the Employee-Plaintiff's normal job duties involved lifting jars of solvent that weighed approximately 4 to 5 pounds.
2. On March 1st, 1996, the Plaintiff was performing his normal job duties when he lifted a 4 liter bottle of toluene with his right arm, and as he lifted it up he felt a pop in his shoulder and experienced pain. The Employee-Plaintiff had handled jars similar in size and weight to the jar in question on many occasions previously, and on the day in question he was performing a normal function of his regular job duties in the normal way.
3. At the hearing, the Employee-Plaintiff testified that an interruption of his work routine occurred while he was squatting to get the jar of toluene out of a cabinet when he lost his balance, thus causing his injury. This portion of the Employee-Plaintiff's testimony is not accepted by the undersigned as credible, particularly in light of the fact that at no time prior to the hearing did the Employee-Plaintiff relate an alleged loss of balance to anyone who inquired about this injury.
4. The Employee-Plaintiff had three opportunities to mention this alleged loss of balance prior to the hearing, the first being when he reported his injury to his supervisor, the second being when he gave a history of how his injury occurred to his treating physician, Dr. Collins, and the third being when he gave a detailed recorded statement to Ms. Terry Clark of the CNA Insurance Company on March 5th, 1997. The Employee-Plaintiff failed to mention the alleged loss of balance, or anything else that would constitute an interruption of his normal job duties on any of these three occasions. It is specifically noted that the recorded statement taken by the insurance adjuster asked detailed questions of the Employee-Plaintiff with respect to how his injury occurred, and further, when the Employee-Plaintiff saw Dr. Collins, the doctor was well aware of the importance of taking an accurate history in cases that may become workers compensation matters, and for this reason he accurately wrote down everything the Employee-Plaintiff told him with respect to how he was injured. Dr. Collins specifically testified in his deposition that there was no mention by the Employee-Plaintiff of him slipping or losing his balance.
5. Prior to March 1st of 1996, the Employee-Plaintiff was an athletic young man who worked out with weights approximately 4 times per week an average of 1 to 1+ hours per day. On some of these occasions he would perform shoulder press exercises using 200 pounds doing 4 sets of these exercises at 12 to 15 repetitions per set. On other occasions he would bench press approximately 300 pounds and perform other exercises with free weights and nautilus equipment.
6. The greater weight of the evidence establishes that the Employee-Plaintiff's injury of March 1st, 1996 was not the result of an interruption of his normal work routine or an unusual event.
 **********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Plaintiff's injury of March 1st, 1996 was not the result of a compensable injury by accident arising out of and in the course of the employment. G.S. § 97-2(6)
2. To the extent the Employee-Plaintiff testified at the hearing that his accident was the result of an interruption of the work routine, that testimony is not accepted as credible, and the undersigned, as the finder of fact can accept or reject different parts of any witnesses' testimony. Fowler v.B.E.K. Construction, Inc., 92 N.C. App. 237, 373 S.E.2d 878
(1988).
 **********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. The Employee-Plaintiff's claim must be and is hereby DENIED;
2. The Defendants shall pay the costs due the Commission.
This the 5th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db