JAMES AND MAE GOODRICH, PARENTS, CONSTANCE C. GOODRICH, WIFE, DANIELLE ROHDE, ANDREW HANNER AND ALLEN HANNER, MINOR STEPCHILDREN, BY THEIR GUARDIAN AD LITEM GALE EDWARDS, OF DOUGLAS A. GOODRICH, DECEASED, Employee, Plaintiffs v. R.L. DRESSER, INC., Employer, KEY RISK INSURANCE COMPANY, Carrier; Defendants

No. COA02-1584

(Filed 2 December 2003)

**1. Workers' Compensation— death benefits—stepchildren— substantial dependency**

The Industrial Commission did not err in a workers' compensation case by awarding decedent employee's death benefits to his three stepchildren under N.C.G.S. § 97-39 because as compared to all other sources of income, all three minor stepchildren were substantially dependent on decedent's contributions to the household at the time of his death.

**2. Workers' Compensation— death benefits—estranged wife**

The Industrial Commission erred in a workers' compensation case by failing to award decedent employee's death benefits to his estranged wife under N.C.G.S. § 97-39, because: (1) the wife can qualify as a widow if she is actually dependent on decedent whether or not she was living with him; (2) decedent provided the great majority of financial support to the household of his estranged wife and her children even after their separation; and (3) the Commission's findings indicate that all members of decedent's household were dependent on decedent's income for support.

Appeal by plaintiffs and defendants from opinion and award entered 27 June 2002 by the Industrial Commission. Heard in the Court of Appeals 10 September 2003.

*Michael A. Ellis, for plaintiff-appellant Constance C. Goodrich.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Justin D. Robertson and Hedrick & Morton, L.L.P., by Jerry L. Wilkins, Jr., for plaintiff-appellants James and Mae Goodrich.*

*Whitley, Jenkins & Riddle, by J. Christopher Brantley and Gene A. Riddle, for plaintiff-appellees Danielle Rohde, Andrew Hanner and Allen Hanner.*

*Lewis & Roberts, P.L.L.C., by Richard M. Lewis and Jeffery A. Misenheimer, for defendant-appellants.*

HUDSON, Judge.

Plaintiffs James and Mae Goodrich, plaintiff Constance C. Goodrich and defendants R. L. Dresser, Inc., and Key Risk Insurance Co., appeal an opinion and award entered 27 June 2002 by the North Carolina Industrial Commission that awarded death benefits to the minor stepchildren of decedent-employee Douglas A. Goodrich and denied any benefits to decedent's widow or his parents. For the reasons discussed below, we remand to the Full Commission for additional findings and conclusions, and revision of the award.

## BACKGROUND

Douglas A. Goodrich ("decedent"), an employee of defendant R. L. Dresser, Inc., suffered an admittedly compensable injury arising out of his employment, resulting in his death on 9 November 1999. At the time of his death, decedent was married to Constance C. Goodrich ("Ms. Goodrich"), and was the step-father of Ms. Goodrich's three biological children from previous marriages, Danielle Rohde, Andrew Hanner and Allen Hanner ("the step-children"). James and Mae Goodrich ("the parents") were the decedent's parents. Ms. Goodrich and the step-children were living apart from decedent at the time of his death, and decedent had filed for divorce from Ms. Goodrich a few days before his death. These plaintiffs disagreed over which of them were entitled to the death benefits.

Deputy Commissioner Morgan S. Chapman heard the case 2 November 2000. Defendant-employer did not contest causation or compensability. Rather, the issue in this "dependency" hearing was to whom benefits would be paid. Decedent's parents claimed the benefits as next of kin, asserting that Ms. Goodrich did not qualify as a "widow" under N.C. Gen Stat. § 97-39, and that the stepchildren

were not "children" because they were not substantially dependent on decedent, as required by N.C. Gen. Stat. § 97-38. Deputy Commissioner Chapman issued an opinion and award 22 March 2001 in which she found that neither the wife nor the stepchildren were dependent on decedent for support. Finding no persons wholly or partially dependent on decedent, the deputy commissioner awarded the benefits to decedent's parents as next-of-kin, under N.C. Gen. Stat. § 97-38. Ms. Goodrich and the stepchildren gave notice of appeal to the Full Commission.

In an opinion and award filed 27 June 2002, the Full Commission affirmed the opinion and award denying benefits to Ms. Goodrich, but reversed as to the step-children, concluding that they qualified as "children" because they were substantially dependent on decedent and awarding them the benefits, to the exclusion of decedent's parents. Below are some of the findings of fact by the Full Commission, which have not been challenged on appeal:

2. On 22 April 1995 decedent married Ms. Constance Carver Hanner, thereafter Constance C. Goodrich. At the time of the marriage, Ms. Constance C. Goodrich had three children from previous relationships. Each of the children's fathers is no longer living, and Ms. Constance C. Goodrich was receiving social security benefits from the fathers' accounts for the support of the children. No children were born to the marriage between Ms. Constance C. Goodrich and decedent, and decedent had no natural children of his own.

3. Ms. Constance C. Goodrich and decedent were separated in August 1999. Also in August 1999 Ms. Constance C. Goodrich began an adulterous relationship with Mr. Steve Herring, who had performed work at the residence where she and decedent lived. Evidence supports a finding that there was an altercation between decedent and Ms. Constance C. Goodrich following his discovery of her affair. Thereafter, decedent moved out of the family residence, leaving Ms. Constance C. Goodrich and decedent's three stepchildren remaining. The title of the mobile home was in decedent's name.

4. Following the couple's separation, and prior to decedent's death, the [monthly] household expenses for his three minor stepchildren totaled approximately $1,890.53. This total consisted of the following: house payment, $432.00; land payment, $163.53; car payment, $420.00; phone bill, $50.00; electric bill,

$150.00; water bill, $25.00; groceries, $500.00; and gasoline, $100.00. The credible evidence of record supports a finding that during this period, decedent paid for all of these household expenses for the residence of his three stepchildren. Additionally, during this period, decedent provided funds for the purchase of his three stepchildren's' [sic] clothes, school fees, and vacations. Furthermore, decedent also funded expenses associated with a credit card and made furniture payments for the residence of his three stepchildren.

5. There is no evidence of record that any of decedent's three minor stepchildren earned any income of their own.

6. Ms. Constance C. Goodrich's income for 1998 was $667.00, and for 1999 was $1,730.00. Ms. Constance C. Goodrich also received social security payments as the result of the deceased father of each of the stepchildren. For Andrew Hanner and Allen Hanner, she received $116.00 per month for each child. For Daniel [sic] Rohde, she received $532.00. The total social security benefits received by Ms. Constance C. Goodrich each month was $764.00.

7. Total household expenses for the residence of the three stepchildren prior to decedent's death, and following his separation from Ms. Constance C. Goodrich were approximately $31,000.00. When this total is divided by four, represented by Ms. Constance C. Goodrich and the three stepchildren, $7,758.00 per year is allocated for each of the minor stepchildren.

\*\*\*

12. Constance Goodrich does not qualify as a widow under the Worker's Compensation Act in that she was not living with decedent at the time of his injury, she was not living apart from him for justifiable cause, and she was not dependent upon him for support.

Following additional detailed findings about the decedent's contributions to the household expenses of the stepchildren, the Commission concluded that all three minor stepchildren were substantially dependent on decedent and thus conclusively presumed to be wholly dependent on him at the time of his death under N.C. Gen. Stat. § 97-38. The Commission further concluded that Ms. Goodrich was not a widow under the terms of N.C. Gen. Stat. § 97-2 because she was not living with him, was not living apart from him for justifiable cause, and was not dependent upon decedent for support.

STANDARD OF REVIEW

The scope of our review of a decision of the Industrial Commission has been clearly delineated by our Supreme Court: "(1) the full Commission is the sole judge of the weight and credibility of the evidence, and (2) appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Further, in our review we "do not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding," without regard to whether there was evidence that would have supported contrary findings. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation and quotation marks omitted), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). In doing so, we are required to view the evidence in the light most favorable to the plaintiff. *Id.*

ANALYSIS

The Deputy Commissioner and Full Commission faced the task of determining who was statutorily entitled to receive compensation under the terms of the Workers Compensation Act following decedent's death. The Act specifies that widow and children, as defined, are conclusively presumed to have been wholly dependent on decedent. N.C. Gen Stat. § 97-39. The essential provisions of the Act read as follows:

A widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. . . . If there is more than one person wholly dependent, the death benefit shall be divided among them, the persons partly dependent, if any, shall receive no part thereof. If there is no one wholly dependent, and more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency.

N.C. Gen. Stat. § 97-39 (1999). The Act also defines the terms "widow" and "child:"

(12) Child, Grandchild, Brother, Sister.—The term "child" shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegiti-

mate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. . . . "Child," "grandchild," "brother," and "sister" include only persons who at the time of the death of the deceased employee are under 18 years of age.

(14) Widow.—The term "widow" includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time.

N.C. Gen. Stat. § 97-2 (1999).

Section 97-38 of the Act provides a framework for making such determinations:

(1) Persons wholly dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons. If there be only one person wholly dependent, then that person shall receive the entire compensation payable.

(2) If there is no person wholly dependent, then any person partially dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive a weekly payment of compensation computed as hereinabove provided, but such weekly payment shall be the same proportion of the weekly compensation provided for a whole dependent as the amount annually contributed by the deceased employee to the support of such partial dependent bears to the annual earnings of the deceased at the time of the accident.

(3) If there is no person wholly dependent, and the person or all persons partially dependent is or are within the classes of persons defined as "next of kin" in G.S. 97-40, whether or not such persons or such classes of persons are of kin to the deceased employee in equal degree, and all so elect, he or they may take, share and share alike, the commuted value of the amount provided for whole dependents in (1) above instead of the proportional payment provided for partial dependents in (2) above; provided, that the election herein provided may be exercised on behalf of any infant partial dependent by a duly qualified guardian; provided, further, that the Industrial Commission may, in its discretion, permit a parent or person standing in loco par-

entis to such infant to exercise such option in its behalf, the award to be payable only to a duly qualified guardian except as in this Article otherwise provided; and provided, further, that if such election is exercised by or on behalf of more than one person, then they shall take the commuted amount in equal shares.

N.C. Gen. Stat. § 97-38 (1999).

This Court has previously interpreted these sections as follows:

It intends that death benefits will be first payable to those who were "wholly" dependent upon the deceased worker for financial support. If any claimant, or more than one claimant, is determined to be "wholly" dependent all death benefits are paid to that individual or individuals. If no claimant is found "wholly dependent" then benefits are paid to any claimant determined "partially dependent" to the exclusion of all others. If no person is either "wholly" or "partially" dependent, death benefits are paid to deceased's "next of kin."

*Winstead v. Derreberry*, 73 N.C. App. 35, 39, 326 S.E.2d 66, 69 (1985).

The Deputy Commissioner and Full Commission, then, considered whether Ms. Goodrich qualified as a widow, and whether her three minor children qualified as decedent's "children." If so, they are entitled to compensation to the exclusion of all others, including decedent's next-of-kin. The Full Commission made findings of fact and concluded that, under the Act, decedent's three minor stepchildren were his children, but that Ms. Goodrich was not decedent's widow; thus, the children were awarded compensation while Ms. Goodrich was not.

The evidence tending to show that decedent supported the household comes entirely from Ms. Goodrich's testimony and evidence. The children did not present any evidence of their own, relying instead on their mother's presentation. We also note that appellants James and Mae Goodrich, R. L. Dresser and Constance C. Goodrich failed to designate, as required by the rules, which assignments of error (and thus, which particular findings and conclusions) they bring forward on appeal. N.C.R. App. P. 10. Therefore, none are properly before us for review. However, we exercise our discretion under Rule 2, and consider the merits of the issue. N.C.R. App. P. 2.

GOODRICH v. R.L. DRESSER, INC.

[161 N.C. App. 394 (2003)]

[1] This Court has previously considered the circumstances under which stepchildren may qualify as children under N.C. Gen. Stat. § 97-39. Stepchildren "who [are] substantially but not legally dependent upon a stepparent can receive death benefits under the [Worker's Compensation] Act." *Winstead*, 73 N.C. App. at 37, 326 S.E.2d at 68. The *Winstead* court did "not purport to establish a minimum percentage or to require mathematical certainty to determine substantial dependency of a stepchild." *Id.* at 42, 326 S.E.2d at 71. Rather, we determine substantial dependency under the facts of each case by considering the amount and consistency of support a stepchild receives from "(1) the deceased stepparent, (2) the natural parent married to the stepparent, (3) the estranged natural parent, whether such support is voluntary or required by law, (4) the income of the stepchild, and (5) any other funds regularly received for the support of the stepchild." *Id.*

Ms. Goodrich presented evidence that she earned only minimal amounts of money during 1998 and 1999, that the household received just over $9,000.00 from social security benefits to the children, and that the great majority of the household's income came from decedent. The evidence, including testimony, tax returns, bank records and other documentary exhibits, supports the Commission's finding that the household received a large proportion of their support from decedent, both before and after the separation. As far as we can determine, there is no bright-line that qualifies as "substantial." As such, we conclude that whether a specific child's dependency is "substantial" is largely in the discretion of the Commission. The evidence here supports the findings that, as compared to all other sources of income, all three minor stepchildren were substantially dependent on decedent's contributions to the household at the time of his death.

However, having found that evidence in the record supports the findings of fact related to the stepchildren, we must consider whether these findings in turn support the Commission's conclusions of law, both as to them and as to the wife. The Commission found the stepchildren substantially dependent on decedent, and thus concluded that they were conclusively presumed to have been wholly dependent on decedent's income, as children pursuant to N.C. Gen. Stat § 97-39. Thus, they were entitled to the benefits provided by N.C. Gen. Stat. § 97-38. This conclusion is fully supported by the Commission's findings.

Thus, because the evidence in the record supports the Commission's findings of fact, because those findings in turn support

the Commission's conclusions of law, and because the Commission correctly applied the law, we reject appellants' arguments and conclude that the Commission properly awarded compensation to Danielle Rohde, and to Allen and Andrew Hanner.

## II.

[2] However, the evidence in the record of decedent's financial support of Ms. Goodrich is nearly identical to that relied on by the Commission in making its findings regarding the stepchildren. The Commission made findings that Ms. Goodrich earned $667.00 in 1998 and $1730.00 in 1999, and that decedent provided $28,496.00 of the household's income in 1998. The Commission found that the total household expenses for Ms. Goodrich and the three stepchildren between the separation in 28 August 1998 and decedent's death 9 November 1999 were approximately $31,000.00. Each of these findings is supported by evidence in the record. The Commission made no findings about any other source of income or support for Ms. Goodrich.

The Commission's finding 12, that Ms. Goodrich was not a widow under N.C. Gen. Stat. § 97-39, is actually a mixed finding of fact and conclusion of law. A person can qualify as a widow in one of three ways: "*the decedent's wife (1) living with or (2) dependent for support on him at the time of his death*; or (3) living apart for justifiable cause or by reason of his desertion at such time." N.C. Gen. Stat. § 97-39 (1999) (emphasis added). We believe that by using the word "or" before method two, the General Assembly intended that the wife can qualify as widow if she is actually dependent on decedent whether or not living with him. In method three she qualifies if she is living apart for justifiable cause or desertion, whether or not dependent. Here, the evidence and the Commission's findings reflect that Ms. Goodrich was living apart from decedent at the time of his death. However, the evidence indicates that decedent provided the great majority of financial support to the household of Ms. Goodrich and her children, even after the separation. The parents urge us to conclude otherwise, contending that the evidence was not sufficiently reliable. This Court does not weigh the credibility of the evidence, that being exclusively the role of the Commission. But, to the extent paragraph 12 finds as fact that Ms. Goodrich was not dependent upon decedent, it is not supported by any evidence in the record. Further, none of the Commission's other findings support the conclusion that Ms. Goodrich was not financially dependent on decedent, and was not a widow as defined by N.C. Gen. Stat. § 97-2(14).

GOODRICH v. R.L. DRESSER, INC.

[161 N.C. App. 394 (2003)]

Instead, the Commission's findings indicate that all members of decedent's household were dependent on decedent's income for support. Ms. Goodrich earned only a minimal amount of money (less than $3000) in the two years prior to decedent's death. The record indicates that Ms. Goodrich's household after the separation may have received some small, irregular support payments from her relatives or from Steve Herring, but there are no findings about any other regular sources of support for Ms. Goodrich.

Further, nothing in the record supports the Commission's finding that Ms. Goodrich "is not a responsible person and is not competent to manage money." To the contrary, all of the evidence indicates that before decedent's death, she paid all of the bills and took care of other business pursuant to a general power of attorney from decedent, and after his death, she continued to pay the bills and manage the household.

In sum, we conclude that there is no evidence in the record to support either the finding that Ms. Goodrich is not a responsible person and is not competent to handle money, or the finding that she was not dependent on decedent at the time of his death. In turn, the findings do not support the conclusion that she was not the widow of decedent because of having actually been dependent on him for support. Thus, we reverse the Commission's conclusions and award as to Ms. Goodrich and remand for findings and conclusions, consistent with this opinion.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the Industrial Commission as to Danielle Rohde, Andrew Hanner and Allen Hanner, and reverse the Commission's decision denying compensation to Ms. Goodrich. We remand for further findings of fact and conclusions of law consistent with this opinion, and accordingly, for recalculation of the award.

Affirmed in part, reversed and remanded in part.

Judges TIMMONS-GOODSON and ELMORE concur.