FAISON v. ALLEN CANNING CO.

[163 N.C. App. 755 (2004)]

Affirmed.

Judges MARTIN and GEER concur.

———

HETTIE M. FAISON, EMPLOYEE, PLAINTIFF v. ALLEN CANNING COMPANY, EMPLOYER,
SELF-INSURED, DEFENDANT

No. COA03-757

(Filed 20 April 2004)

**Workers' Compensation— carpal tunnel syndrome—causation**

     The Industrial Commission did not err by concluding that there was no causal relationship between plaintiff's carpal tunnel syndrome (CTS) and her job duties, and by denying her workers' compensation benefits, because: (1) a doctor's testimony only established a possibility that plaintiff's injuries were causally related to her employment; and (2) the causation evidence failed to meet the standard of a reasonable degree of medical certainty that is necessary to establish a causal link between plaintiff's injuries and her employment.

     Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 19 February 2003 by Chairman Buck Lattimore. Heard in the Court of Appeals 16 March 2004.

*Brumbaugh, Mu & King, P.A., by Nicole D. Wray, for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer and Dana C. Moody, for defendant-appellee.*

TYSON, Judge.

     Hettie M. Faison ("plaintiff") appeals from the Opinion and Award of the Full Commission of the North Carolina Industrial Commission ("Commission") denying her workers' compensation claim. We affirm.

## I. Background

     Beginning in 1992, plaintiff worked on and off for Allen Canning Company ("defendant") for approximately six years as a permanent

seasonal production associate. Each year, plaintiff worked from March to either October or November and did not work again until the following year. Plaintiff was responsible for running a seamer, which included taking the lids from cans and stacking them on top of three different machines. Plaintiff also inspected goods on the product line. Mr. Robert Caldwell testified for defendant that the weight of the lids plaintiff handled before being transferred to the inspection line weighed 2.5 to 2.8 pounds. He also stated there was very little repetition in loading the sleeves onto the machine. Plaintiff complained that she had developed carpal tunnel syndrome ("CTS") on 2 November 1998.

Plaintiff began seeing Dr. Eddie Powell ("Dr. Powell") on 2 February 1999. Dr. Powell testified that plaintiff revealed very little of her job duties and that on five separate visits, he unsuccessfully attempted to obtain a better description of plaintiff's job duties. At the time of his deposition, Dr. Powell continued to be unaware of plaintiff's job duties.

Dr. Powell diagnosed plaintiff with severe shoulder bursitis and held plaintiff out of work from 2 February 1999 through 2 March 1999. On 5 March 1999, Dr. Powell completed a Request for Disability Benefits Form noting that plaintiff was taken out of work for reasons unrelated to an alleged injury or sickness arising out of her employment. On 6 March 1999, plaintiff filed a claim for short-term disability, listing her condition as bursitis. Plaintiff received short-term disability benefits from 2 February 1999 through 16 August 1999. At this time, plaintiff was working solely on the inspection line due to chest pains.

Dr. Powell continued to treat plaintiff during this time and further diagnosed her as having peripheral neuropathy with left CTS and arm neuropathy with left CTS. Upon the expiration of her short-term disability benefits, plaintiff filed her workers' compensation claim. Dr. Powell authorized plaintiff to be out of work from 15 August 1999 through 22 September 1999. On 21 September 1999, plaintiff returned to Dr. Powell. Dr. Powell's diagnosis changed to peripheral neuropathy and second trimester pregnancy with CTS. Plaintiff was held out of work from 21 September 1999 through 2 November 1999. As of 2 November, plaintiff's condition remained unchanged and she was authorized to be out of work until 29 May 2000. In March 2000, plaintiff gave birth to her child. On 23 October 2000, Dr. Powell found plaintiff to be fully recovered from all conditions.

Deputy Commissioner Edward Garner, Jr., heard plaintiff's workers' compensation claim on 25 May 2001. Plaintiff's claims for workers' compensation benefits were denied and plaintiff appealed to the Full Commission. The Full Commission upheld the Deputy Commissioner's denial of plaintiff's claim for workers' compensation benefits. Plaintiff appeals.

## II. Issues

The issues are whether the Full Commission erred in: (1) concluding that there was no causal relationship between plaintiff's CTS and her job duties and denying her workers' compensation benefits and (2) finding that plaintiff's weight and pregnancy could potentially have caused her CTS.

## III. Standard of Review

On appeal, the standard of review of a workers' compensation case "is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." *Oliver v. Lane Co.*, 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001). This Court's " 'duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), *rehr'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999).

The Commission's findings of fact are conclusive on appeal when they are supported by competent evidence, even when there is evidence to support contrary findings. *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *aff'd*, 351 N.C. 42, 519 S.E.2d 524 (1999). "[T]he Commission is the sole judge of the credibility of witnesses and may believe all or a part or none of any witness's testimony . . . ." *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835 (citation omitted), *disc. rev. denied*, 300 N.C. 196, 269 S.E.2d 623 (1980).

## IV. Causal Relationship Between Injuries and Job Duties

Plaintiff contends that the Commission's findings of fact and conclusion of law that her condition was not related to her employment are not supported by competent evidence. We disagree.

To establish a right to workers' compensation benefits under N.C. Gen. Stat. § 97-53(13) (2003), plaintiff must prove the disease is:

(1) characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged; (2) not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there must be a causal connection between the disease and the claimant's employment.

*Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983) (citations omitted). The plaintiff has the burden of proving all three elements by the greater weight of or a preponderance of the evidence. *Phillips v. U.S. Air, Inc.*, 120 N.C. App. 538, 541-42, 463 S.E.2d 259, 261 (1995), *aff'd*, 343 N.C. 302, 469 S.E.2d 552 (1996).

In *Holley v. ACTS, Inc.*, plaintiff was diagnosed with deep vein thrombosis ("DVT"). 357 N.C. 228, 229, 581 S.E.2d 750, 751 (2003). Plaintiff's doctors were unable to express an opinion to reasonable degree of medical certainty whether plaintiff's injuries were causally related to her employment. *Id.* at 233, 581 S.E.2d at 753. One doctor testified that it was "a low possibility" that the plaintiff's condition was caused by her accident at work. *Id.* Another doctor testified, "I don't really know what caused the DVT." *Id.* at 233, 581 S.E.2d at 753-54.

Our Supreme Court held that the doctors' testimony was insufficient to show a causal relationship and stated, "[i]n cases involving 'complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.' " *Id.* at 232, 581 S.E.2d at 753 (quoting *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980)). " '[W]hen such expert opinion testimony is based merely upon speculation and conjecture, . . . it is not sufficiently reliable to qualify as competent evidence on issues of medical causation.' " *Id.* (quoting *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000)).

" 'The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation.' " *Id.* (quoting *Gilmore v. Hoke Cty. Bd. of Educ.*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942)). "Although expert testimony as to the *possible* cause of a medical condition is admissible if helpful to the jury, it is insufficient to prove causation, particularly 'when there is additional evidence or testimony showing the expert's opinion to be a guess or

mere speculation.' " *Id.* at 233, 581 S.E.2d at 753 (citation omitted) (quoting *Young*, 353 N.C. at 233, 538 S.E.2d at 916).

When asked whether plaintiff's CTS was related to her employment, Dr. Powell testified, "[t]here's a probability that her carpal tunnel syndrome come [sic] from her occupation . . . *I really don't know.*" (emphasis supplied). Dr. Powell stated that the main reason he could not opine to a reasonable degree of medical certainty was due to plaintiff's failure to provide him with sufficient information of her job duties. When asked whether plaintiff *could have* developed her condition from her employment, Dr. Powell further stated,

> I—I don't like to look back in retrospect and try to change an answer that I didn't have that history when it was—when it was presented to me. That's unfair to the defendant. That's unfair to the patient. And furthermore, it's unfair to the education that's been bestowed upon me by God and man about medicine. If that patient can't give me a reliable history, that is the patient's fault. It's not the company's fault. It's not the doctor's fault.

Based on this testimony, the Commission concluded that plaintiff "failed to prove by the greater weight of the evidence that her condition was linked to her employment," and that "plaintiff has not shown enough evidence through testimony or medical evidence to overcome her burden of proving a link between her job duties and her condition."

The testimony of Dr. Powell only established a possibility that plaintiff's injuries were causally related to her employment. "Doctors are trained not to rule out medical possibilities no matter how remote; however, mere possibility has never been legally competent to prove causation." *Id.* at 234, 581 S.E.2d at 754; *see also Young*, 353 N.C. at 233, 538 S.E.2d at 916. The entirety of causation evidence before the Commission failed to meet the standard of a reasonable degree of medical certainty that is necessary to establish a causal link between plaintiff's injuries and her employment. *Id.* The Full Commission properly denied plaintiff's workers' compensation benefits. Plaintiff's assignment of error is overruled. In light of our holding, we do not address plaintiff's second assignment of error.

## V. Conclusion

The Commission's findings of fact and conclusions of law concerning a causal relationship between plaintiff's injuries and her

employment are supported by competent evidence. The opinion and award of the Commission is affirmed.

Affirmed.

Judges WYNN and HUNTER concur.