RONALD C. ROGERS, PLAINTIFF-APPELLANT v. SMOKY MOUNTAIN PETROLEUM COMPANY, EMPLOYER, FEDERATED INSURANCE COMPANY, DEFENDANT-APPELLEES

No. COA04-58

(Filed 16 August 2005)

**1. Workers' Compensation— back injury—specific traumatic incident—evidence not sufficient**

The Industrial Commission's finding that a workers' compensation plaintiff had not met his burden of establishing that he suffered a back injury from a specific traumatic incident was supported by the evidence where there were inconsistencies in the medical information plaintiff shared with his treating physicians.

**2. Workers' Compensation— back injury—pre-existing condition**

The Industrial Commission did not err by finding that a preexisting condition barred a workers' compensation plaintiff from recovery where the expert medical testimony failed to establish that plaintiff's current back problem was either caused or aggravated by an accident or specific traumatic incident.

**3. Workers' Compensation— back injury—causation— speculation**

The Industrial Commission's finding and conclusion that a workers' compensation plaintiff failed to prove that he sustained a work-related injury to his back was proper where the evidence of causation was little more than speculation.

**4. Workers' Compensation— credibility—findings**

The Industrial Commission must consider all of the evidence presented to it in a workers' compensation case, but is the sole judge of credibility, is not required to make specific findings on credibility, and is not required to find facts as to all credible evidence. The Commission instead must find those facts necessary to support its conclusion, and did not err here.

Appeal by plaintiff from an Opinion and Award dated 12 September 2003 by the Full Commission. Heard in the Court of Appeals 23 September 2004.

*Gary A. Dodd for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Sharon E. Dent, for defendant-appellees.*

BRYANT, Judge.

Ronald C. Rogers (plaintiff) appeals from an Opinion and Award from the Full Commission dated 12 September 2003 denying benefits for his back injury under the North Carolina Workers' Compensation Act.

On 16 May 2001, plaintiff was employed as a duct cleaner for Smoky Mountain Petroleum Company and Federated Insurance Company (defendants). In fulfillment of his job duties as a "helper" on that day, he assisted installers Todd Fountain (Fountain) and Art Hollis (Hollis) in replacing an old furnace with a new heating and air conditioning system. To complete the task, they used a hand truck to move heavier items. Plaintiff testified he felt pain across his back and down his leg as he assumed the weight of the heat pump; however, Fountain and Hollis both testified they noticed no change in his performance, nor did plaintiff mention he had hurt himself.

At the time of the alleged injury, plaintiff was receiving treatment for back problems and had discontinued work from a different

ROGERS v. SMOKY MOUNTAIN PETROLEUM CO.

[172 N.C. App. 521 (2005)]

employer in November 2000 due to low back pain. He began working for defendant in February 2001. On 17 May 2001, one day after the alleged injury, plaintiff received an epidural steroid injection from Dr. Cleveland Thompson. This was one injection in a series of three that had been planned in advance to treat plaintiff's existing back pain. However, during the visit, plaintiff did not mention to Dr. Thompson the alleged injury on the preceding day and, according to Dr. Thompson, plaintiff tolerated the procedure well. On 18 May 2001 plaintiff saw Dr. Terry White, his treating physician, complaining of more intense back pain and attributing the increased pain to having worked two days earlier. On 18 May 2001, Dr. White wrote plaintiff out of work until 24 May 2001. Despite Dr. White's work release plaintiff returned to work that same day. Plaintiff continued to work with defendant until he was referred by Dr. White to Dr. Keith Maxwell in September 2001 for continued back problems.

On 25 May 2001, plaintiff filed a Form 18, thereby initiating his claim against defendants for benefits pursuant to the Workers Compensation Act. Plaintiff's claim was denied by defendants.

This matter was heard before a Deputy Commissioner in Asheville on 29 April 2002. The deposition testimony of Dr. Maxwell and Dr. White was taken. After the hearing, on 8 May 2002, the Deputy Commissioner considered Dr. Maxwell's deposition testimony, in addition to Dr. White's testimony, to determine whether plaintiff was entitled to receive benefits. By Opinion and Award filed 27 November 2002, the Deputy Commissioner rejected plaintiff's testimony as not credible and denied plaintiff's claim concluding plaintiff failed to meet his burden of proving by competent evidence that he sustained a compensable injury on 16 May 2001.

In its Opinion and Award dated 12 September 2003, the Full Commission affirmed the Opinion and Award of the Deputy Commission with minor modifications.

---

Plaintiff raises five issues on appeal: whether the Commissioner erred in (I) finding plaintiff failed to prove by the greater weight of the evidence that he sustained a work-related back injury on 16 May 2001; (II) finding plaintiff's pre-existing condition to be a bar to recovery; (III) determining as a matter of law plaintiff failed to meet his burden of proof supported by competent evidence that his back injury resulted from a traumatic incident on 16 May 2001; (IV) determining as a matter of law that plaintiff's testimony lacked credibility;

(V) failing to consider all the competent (and material) evidence of record in making its findings of fact and conclusions of law.

I

**[1]** Plaintiff first argues the Commission erred in finding plaintiff failed to prove by a greater weight of the evidence that he sustained a work-related back injury on 16 May 2001.

Pursuant to N.C. Gen. Stat. § 97-2(6):

> "Injury" . . . shall mean only injury by accident arising out of and in the course of the employment. . . . With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

N.C.G.S. § 97-2(6) (2003). Our Supreme Court has consistently held that "[o]n appeal from the Industrial Commission, the findings of the Commission are conclusive if supported by competent evidence and when the findings are so supported, appellate review is limited to review of the Commission's legal conclusions." *Pittman v. Twin City Laundry & Cleaners*, 61 N.C. App. 468, 471, 300 S.E.2d 899, 901 (1983) (citations omitted). Under the North Carolina Workers' Compensation Act, an employee seeking benefits "bears the burden of proving every element of compensability." *Gibbs v. Leggett & Platt*, 112 N.C. App. 103, 107, 434 S.E.2d 653, 656 (1993) (citation omitted). The degree of proof required of a claimant is the "greater weight" or the preponderance of the evidence. *Phillips v. U.S. Air*, 120 N.C. App. 538, 541-42, 463 S.E.2d 259, 261 (1995) (citations omitted). The Court's "duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

Here, the Commission did not err in finding plaintiff failed to meet his burden of proof to establish that he suffered a back injury resulting from a specific traumatic incident on 16 May 2001. Plaintiff's testimony revealed several inconsistencies in the medical information he shared with his treating physicians.

In assessing plaintiff's credibility, the Commission made the following pertinent findings of fact:

**ROGERS v. SMOKY MOUNTAIN PETROLEUM CO.**

[172 N.C. App. 521 (2005)]

2. Plaintiff was employed by defendant . . . since February 1998 as a duct cleaner . . . [plaintiff] occasionally . . . assist[ed] install[ing] heating and air conditioning systems. On 16 May 2001, plaintiff was employed as a helper for defendant [to] assist . . . installers [Fountain and Hollis] . . . in removing an old furnace and installing a new heating and air conditioning system.

3. Plaintiff had pre-existing back problems. While working for a different employer, he suffered a back injury in October 1996 and following treatment, was released to return to work in March 1997 with a 5% permanent partial disability rating to his back. Upon his release, plaintiff continued to complain of pain while sitting, and was diagnosed with disc degeneration at L5-S1. Plaintiff returned to work in March 1997, but continued to receive chiropractic treatment.

4. Plaintiff continued to receive treatment for low back pain into 1998. . . . In July 1998, [his treating physician] Dr. Robertson diagnosed plaintiff with probable fibromyalgia. . . .

5. On 24 November 1999, [after receiving an epidural block to control his back and neck pain] plaintiff [saw] Dr. Terry White, upon referral by Dr. Robertson . . . who reviewed an MRI of plaintiff's lumbar region and diagnosed [him] with fibromyalgia and sacroiliac pain secondary to . . . degenerative disc disease [and prescribed plaintiff with medications]. . . .

6. Plaintiff continued to receive treatment [and physical therapy] by Dr. Robertson [and] Dr. White throughout 2000[.]

. . .

8. Plaintiff alleges that he injured his back while lowering the new unit [on 16 May 2001 and] . . . maintains [having] reported the incident to his supervisor, Sammy Parker on 18 May 2001. However, both [Fountain and Hollis] testified that plaintiff did not mention an injury to them . . . [on] 16 May 2001, nor did they notice any change in plaintiff's physical activities during the day.

9. There is no mention in Dr. Thompson's report of a work-related injury [on 17 May 2001, when plaintiff went to receive a previously scheduled epidural injection from him.]

. . .

11. Plaintiff continued to work for defendant . . . doing primarily light duty. On 4 June 2001, Dr. Robertson restricted plaintiff to

lifting no more than 50 pounds due to plaintiff's continuing complaints of back pain.

12. On 7 September 2001, plaintiff [saw Dr. Maxwell] for evaluation and treatment upon referral from Dr. White. Plaintiff did not inform Dr. Maxwell that he had been undergoing treatment for back pain prior to [16 May 2001], nor did Dr. Maxwell receive any medical records of plaintiff's prior back treatment. In addition, Dr. Maxwell's notes indicate that plaintiff informed him that he had been out of work since May 2001 despite information to the contrary in Dr. Robertson's treatment notes of June 2001.

"The Commission is the sole judge of the credibility of witnesses and may believe all or a part or none of any witness's testimony[.]" *Faison v. Allen Canning Co.*, 163 N.C. App. 755, 757, 594 S.E.2d 446, 448 (2004) (quotation omitted). In the instant case, plaintiff's statements to both Drs. White and Maxwell, when compared to plaintiff's recorded history of treatment for back problems, cast serious doubt on whether a work-related injury occurred as plaintiff represented. The findings of fact as determined by the Commission are supported by competent evidence. We overrule this assignment of error.

II

[2] Plaintiff next argues the Commission erred in finding his pre-existing condition to be a bar to recovery.

Plaintiff must prove a work-related accident was a causal factor [of his injury] by a "preponderance of the evidence." *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158-59, 357 S.E.2d 683, 685 (1987). "Although medical certainty is not required, an expert's 'speculation' is insufficient to establish causation" between a pre-existing condition and a work-related injury. *Holley v. ACTS, Inc.*, 357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003). Our Supreme Court has held:

(1) [A]n employer takes the employee as he finds her with all her pre-existing infirmities and weaknesses. (2) When a pre-existing, *nondisabling, non-job-related* condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment or by an occupational disease so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent. (3) On the other hand, **when a pre-existing, nondisabling, non-job-related disease or infirmity eventually causes an incapacity for work without**

**any aggravation or acceleration of it by a compensable accident or by an occupational disease, the resulting incapacity so caused is not compensable. . . .**

*Morrison v. Burlington Indus.*, 304 N.C. 1, 18, 282 S.E.2d 458, 470 (1981) (emphasis added).

As found by the Commission, plaintiff had pre-existing back problems, due to a 1996 workplace injury with a former employer. In 1999, plaintiff was diagnosed with fibromyalgia and sacroiliac pain due to degenerative disease. Through the year, plaintiff received pain treatment and physical therapy, including the series of epidural injections plaintiff was undergoing at the time of the alleged injury on 16 May 2001. Plaintiff's testimony of an injury by accident on 16 May 2001 was not supported by other competent evidence. The expert medical testimony failed to establish plaintiff's current back problem was either caused or aggravated by an accident or specific traumatic work-related event. This assignment of error is overruled.

### III

**[3]** Plaintiff's third assignment of error is substantially related to his first two arguments. Plaintiff contends the Commission erred in determining as a matter of law that no competent evidence supports a conclusion that plaintiff's back injury occurred as a result of a traumatic incident on 16 May 2001.

Plaintiff argues the Commission improperly concluded that in order for back injuries to be compensable there must be a specific traumatic incident that occurred at a cognizable time and that back injuries occurring gradually are not compensable. We disagree.

Plaintiff relies on *Fish v. Steelcase* to support his argument that if he shows his injury was caused by an event occurring within a "judicially cognizable" period, and is not simply a gradual deterioration, then a work-related compensable back injury exists. *Fish v. Steelcase, Inc.*, 116 N.C. App. 703, 708, 449 S.E.2d 233, 237 (1994). In *Fish,* the plaintiff testified he felt a pull in his back while moving a desk at work, thought he would be fine, and continued working. Later the pain worsened, and finally his condition was diagnosed as a herniated disc. The Industrial Commission concluded plaintiff suffered no injury as a matter of law, holding plaintiff had failed to show a traumatic incident had occurred. This Court reversed the Industrial Commission and held the event causing the injury must be "judicially cognizable", but the event does not have to be "ascertainable on an

exact date." *Fish*, 116 N.C. App. at 709, 449 S.E.2d at 238. The case *sub judice* is distinguishable from *Fish* in that the actual date of the alleged injury is not in issue. Rather it is plaintiff's credibility as it relates to his testimony about the events that caused his back injury as well as the competency of his medical causation evidence that is at issue.

Despite the Commission's broad ability to determine its factual findings, "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 598, 532 S.E.2d 207, 210-11 (2000) (quotations and citation omitted). "However, when such expert opinion testimony is based merely upon speculation and conjecture, it can be of no more value than that of a layman's opinion. As such, it is not sufficiently reliable to qualify as competent evidence on issues of medical causation." *Young v. Hickory Bus. Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000) (citations omitted). In this case, the causation of plaintiff's particular back injury is at issue. Therefore, only an expert can render an opinion regarding causation. The two medical experts who were asked to testify in the case failed to present clear evidence as to the cause of plaintiff's back injury. Dr. White, plaintiff's treating physician, stated he "assumed plaintiff's back pain had come from moving the unit at work." Dr. White also said he observed muscle spasms on both sides of plaintiff's back on 18 May 2001 and that "he had never seen the spasms, especially visible [muscle] spasms until that time." On cross-examination, Dr. White testified that he had observed plaintiff "hav[ing] some spasm[s] in his back intermittently" prior to 18 May 2001. Meanwhile, Dr. Maxwell stated, and the Commission found:

> On 7 September 2001 . . . plaintiff did not inform Dr. Maxwell that he had been undergoing treatment for back pain prior to the alleged work-related injury. . . . In addition, Dr. Maxwell's notes indicate[d] that the plaintiff informed [Dr. Maxwell] that he had been out of work since May 2001, despite information to the contrary in . . . treatment notes of June 2001.

Under these circumstances, the evidence regarding the causation of plaintiff's alleged back injury amounts to little more than speculation. Since the medical evidence of causation here is not competent evidence, the Commission's finding of fact and conclusion that plaintiff failed to prove he sustained a work-related injury to his

back on 16 May 2001 was proper. Therefore, this assignment of error is overruled.

## IV & V

**[4]** In his fourth and fifth assignments of error, plaintiff contends the Commission erred in failing to consider all the competent (and material) evidence of record in making its findings of fact and conclusions of law and determining as a matter of law that plaintiff's testimony lacked credibility.

Plaintiff accurately asserts the Commission must consider the evidence presented to it. "Before making findings of fact, the Industrial Commission must consider *all* of the evidence. The Industrial Commission may not discount or disregard any evidence, but may choose not to believe the evidence *after* considering it." *Weaver v. Am. Nat'l Can Corp.*, 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (citation omitted); *see also Lineback v. Wake County Bd. of Comm'rs*, 126 N.C. App. 678, 486 S.E.2d 252 (1997). The Industrial Commission "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and may reject a witness'[s] testimony entirely if warranted by disbelief of that witness." *Lineback*, 126 N.C. App. at 680, 486 S.E.2d at 254 (citing *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 425 S.E.2d 454 (1993)).

> This Court in *Adams* made it clear that the Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another.

*Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116-17, 530 S.E.2d 549, 553 (2000); *see also Sheehan v. Perry M. Alexander Constr. Co.*, 150 N.C. App. 506, 563 S.E.2d 300 (2002).

Plaintiff also argues the Commission erred in finding his testimony lacked credibility as a matter of law. Just as the Commission is not required to make specific findings on the credibility of evidence, "[t]he Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead the Commission must find those facts which

N.C. DEP'T OF CRIME CONTROL & PUB. SAFETY v. GREENE

[172 N.C. App. 530 (2005)]

are necessary to support its conclusions of law." *Peagler,* 138 N.C. App. at 602, 532 S.E.2d at 213 (2000) (quotation and citation omitted).

Therefore, we find the following conclusion of the Commission to be supported by its findings of fact: "Plaintiff has failed to carry the burden of proof to establish by competent evidence that he suffered a back injury resulting from a specific traumatic incident on 16 May 2001 . . . [and his] testimony regarding the alleged injury is not accepted as credible." Accordingly, plaintiff's assignments of error are overruled.

Affirmed.

Judges TYSON and LEVINSON concur.