* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. At the times relevant to this claim, the employer-employee relationship existed between plaintiff and defendant-employer.
3. The carrier liable on the risk is correctly named in the caption.
4. Plaintiff's average weekly wage is $341.00, yielding a compensation rate of $227.37.
5. Plaintiff sustained an injury on or about 26 August 2002.
6. The injury arose out of and in the course of employment and is compensable.
7. The following items were stipulated into evidence:
 a. The Pre-Trail Agreement, marked as stipulated exhibit 1.
 b. Industrial Commission Forms and Defendants' answers to interrogatories, collectively paginated 1-33 and marked as stipulated exhibit 2.
 c. Plaintiff's medical records, collectively paginated 1-1039 and marked as stipulated exhibit 3.
8. Plaintiff identifies the issues for decision by the undersigned as: (1) whether plaintiff's depression is causally related to the admitted compensable injury of 26 August 2002, (2) whether plaintiff is entitled to ongoing medical treatment, including psychiatric treatment, (3) whether defendants have complied with Rule 603, and (4) whether plaintiff is entitled to attorney's fees.
9. Defendants identify the issues for decision by the undersigned as: (1) whether plaintiff has presented sufficient evidence to establish that her depression is causally related to her compensable injury of 26 August 2002, and (2) whether defendants are entitled to attorney's fees.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 51 years old at the time of the hearing before the Deputy Commissioner. She graduated from high school and went on to obtain an EMT certificate.
2. Plaintiff was hired by defendant-employer as an EMT in 2000. She subsequently left that employment to work as an EMT in Lewiston, North Carolina. In 2002 she returned to defendant-employer as a medical transport technician.
3. Plaintiff's job responsibilities for defendant-employer included moving patients from beds or chairs to a stretcher and then lifting them into an ambulance. The reverse procedure was also required. Plaintiff worked with another medical transport technician who was also assigned to the same ambulance.
4. On 26 August 2002 plaintiff was dispatched to transport an obese patient. Three technicians were assigned to transport this patient. During the loading process, the patient moved, causing the stretcher to fall. Plaintiff went under the stretcher in an effort to hold the stretcher up. Plaintiff felt immediate back pain and reported the injury to defendant-employer, but continued to work.
5. Plaintiff's claim was accepted as compensable. A Form 60 was filed with the Industrial Commission on 24 October 2002, with temporary total disability compensation at a weekly rate of $227.37 being paid beginning 19 September 2002.
6. Plaintiff was treated at the Cashie Medical Center by Mr. Edward Warren, P.A. Plaintiff expressed anxiety symptoms to Mr. Warren at her 31 October 2002 appointment and was given samples of Xanax.
7. Plaintiff was referred to Dr. Kurt Voos for further evaluation. Dr. Voos first examined plaintiff on 20 November 2002. Dr. Voos directed a conservative path of treatment that included epidural steroid injections and physical therapy. Plaintiff did not markedly improve, but, after a discussion with Dr. Voos on the subject, decided against surgery at that time.
8. In March of 2003 plaintiff was issued a 5% permanent partial impairment rating and given sedentary work restrictions.
9. Plaintiff returned to Mr. Warren in March 2003 with complaints of anxiety and depression. Plaintiff was prescribed Xanax and Lexapro for these symptoms.
10. Plaintiff was unable to find work within her restrictions. She returned to Dr. Voos in June 2003 and underwent a discogram that indicated concordant pain at L3-4. Dr. Voos required plaintiff to lose 40 pounds before he would perform the surgery.
11. Plaintiff thereafter lost this weight, and Dr. Voos performed a transforaminal lumbar interbody fusion in December 2003.
12. Plaintiff continued to be treated by Dr. Voos after the surgery. Dr. Voos recommended, and plaintiff completed, physical and aquatic therapy. Dr. Voos released plaintiff in June 2004 with sedentary restrictions and a 30% permanent partial disability rating to her back.
13. A vocational rehabilitation specialist was assigned to plaintiff's case. Plaintiff enrolled in a medical coding certificate program at Martin Community College.
14. Plaintiff continued to experience back pain and depression.
15. Plaintiff had other psychological stressors in her life including family issues and financial problems due to her inability to work.
16. In July 2005 plaintiff was hospitalized in the Northside Psychiatric Center after she attempted suicide with an overdose of prescription medication due to severe depression.
17. In September 2005 plaintiff was evaluated by Dr. Ester Lyons. Dr. Lyons diagnosed plaintiff with severe depression. Plaintiff has been receiving treatment from Dr. Lyons for depression and anxiety on a continuing basis since September 2005.
18. Plaintiff has resumed daily activities since her release from the hospital.
19. Plaintiff remains out of work and is receiving temporary total disability compensation as a result of the compensable back injury. Defendants have not authorized any psychological treatment for plaintiff.
20. Prior to the 26 August 2002 injury, plaintiff had never had any psychological problems.
21. Mr. Edward C. Warren, P.A. testified that plaintiff was unable to work due to her back condition and that plaintiff's depression "could be controlled."
22. Dr. Lyons testified to a reasonable degree of medical certainty that plaintiff's depression was causally related to the compensable injury sustained on 26 August 2002.
23. On the subject of the causation of plaintiff's psychological problems, the undersigned gives the expert opinions of Dr. Lyons greater weight than those of Mr. Warren.
24. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident on 26 August 2002. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has been receiving ongoing total disability compensation at a rate of $227.37 per week as a result of the 26 August 2002 injury. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to receive medical treatment related to the 26 August 2002 injury that would effect a cure, give relief, or lessen her period of disability. N.C. Gen. Stat. § 97-25.
4. The medical evidence of record establishes a causal relationship between plaintiff's compensable 26 August 2002 injury and her subsequent psychological problems. Workman v. Rutherford Electric MembershipCorp., ___ N.C. App. ___ (2005); Cooke v. P.H. Glatfelter/Ecusta,130 N.C. App. 220 (1998); Click v. Pilot Freight Carriers, Inc.,300 N.C. 164 (1980).
5. Plaintiff is entitled to have defendants provide any past and future psychiatric or psychological treatment, related to the admittedly compensable injury, that is reasonably necessary to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25; Workman v. Rutherford Electric Membership Corp.,170 N.C. App. 481 (2005); Calloway v. Memorial Mission Hosp.,137 N.C. App. 480, 486 (2000); Toler v. Black and Decker,134 N.C. App. 695, 701 (1999).
6. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground. N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay plaintiff ongoing temporary total disability compensation at a weekly rate of $227.37 until plaintiff returns to work or until further order of the Commission.
2. Defendants shall pay all medical expenses incurred or to be incurred as a result of the compensable injury plaintiff sustained on 26 August 2002, including plaintiff's psychological treatment for depression and anxiety.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Every fourth compensation check shall be paid directly to plaintiff's counsel.
4. No attorney's fees under N.C. Gen. Stat. § 97-88.1 are appropriate to be awarded in this matter.
5. Defendants shall pay the costs.
This the ___ day of February 2007.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/ ___________________ THOMAS BOLCH COMMISSIONER
 S/ ___________________ CHRISTOPHER SCOTT COMMISSIONER